Fady Eskandar, Esq. CA Bar 308057
Law Office of Fady Eskandar
421 N. Brookhurst St., Ste. 200
Anaheim, CA 92801
T: (714) 729-3303
F: (714) 274-7691
E: fadyeskandaresq@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIZA QUIAMBAO ENRIQUEZ,** <br><br> Plaintiff, <br><br> vs. <br><br> **ALEJANDRO MAYORKAS, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,** <br><br> **SERVE:** <br> Office of The General Counsel <br> Department of Homeland Security <br> 2707 Martin Luther King Jr. Ave, SE <br> Mail Stop 0485 <br> Washington, DC 20528-0485 <br><br> **UR M. JADDOU, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** <br><br> **SERVE:** <br> U.S. Citizenship & Immigration Services | Case No.: 8:22-cv-2201 <br><br> **COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS** |

COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS - 1

425 I. Street, N.W., Room 6100
Washington, D.C. 20536

**AND;**

**TRUNG VO, DIRECTOR OF THE SANTA ANA FIELD OFFICE OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**

**SERVE:**
TRUNG VO
USCIS
34 Civic Center Plaza
Santa Ana, CA 92701

   **Defendants**

  Plaintiff, RIZA QUIAMBAO ENRIQUEZ, respectfully requests a hearing before this Honorable Court to make a determination on Plaintiff's application to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed application to adjust status.

## PARTIES

1. Plaintiff, RIZA QUIAMBAO ENRIQUEZ, is a citizen of the Philippines.
2. RIZA QUIAMBAO ENRIQUEZ is married to a U.S. citizen named Gerby Enriquez.
3. RIZA QUIAMBAO ENRIQUEZ resides in Aliso Viejo, CA.
4. Gerby Enriquez filed an I-130 Petition for Alien Relative on behalf of the Plaintiff on December 31, 2020.
5. The plaintiff filed an I-485 Application for Adjustment of Status on December 31, 2020.

COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS - 2

6. USCIS completed the fingerprinting and photographing of RIZA QUIAMBAO ENRIQUEZ as part of the processing of the pending application.
7. Defendants conducted an interview on the couple's I-130 and I-485 applications on November 09, 2021.
8. The I-130 petition was approved on the same day on November 09, 2021.
9. Since then, the Defendants have taken no action on the pending adjustment application.
10. Since RIZA QUIAMBAO ENRIQUEZ and Gerby Enriquez filed the applications with USCIS, they have made repeated requests with the agency and their congress representative to have their case finally adjudicated.
11. Despite numerous calls to USCIS and their attempts to prompt movement on the case, RIZA QUIAMBAO ENRIQUEZ's application to adjust status has remained pending far longer than is reasonable.
12. USCIS has refused to adjudicate RIZA QUIAMBAO ENRIQUEZ's application in accordance with applicable legal criteria.
13. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending applications as required by law.
14. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest-ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

15. Defendant UR M. JADDOU, Director of the USCIS, is the highest-ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

16. Defendant Trung Vo the Director of the USCIS Santa Ana Field Office and is sued only in an official capacity, as well as any successors and assigns. The Santa Ana Field Office has jurisdiction over applications for adjustment of status for immigrants in Irvine, CA, where Plaintiff resides. Vo is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Trung Vo is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

17. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to redress the rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

18. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a

mandatory and affirmative duty to adjudicate a properly filed N-400 application. 8 C.F.R. §§ 334, 335.

19. This Honorable Court also has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

20. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) 50% or more of plaintiffs reside in this district; (4) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF

**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiff allege and state as follows:

21. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

22. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

23. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS - 5

24. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status application.

25. The combined delay and failure to act on RIZA QUIAMBAO ENRIQUEZ's adjustment of status application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

26. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

27. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS.

## SECOND CLAIM FOR RELIEF

### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiff allege and state as follows:

28. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

29. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

30. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

31. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, RIZA QUIAMBAO ENRIQUEZ requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;
2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of RIZA QUIAMBAO ENRIQUEZ's application to adjust status within sixty days;
3. That this Honorable Court take jurisdiction of this matter and adjudicate RIZA QUIAMBAO ENRIQUEZ's application to adjust status pursuant to this Court's declaratory judgment authority;
4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to RIZA QUIAMBAO ENRIQUEZ;
5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the application to adjust status;
6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;
7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**

December 07, 2022

*/S/ Fady Eskandar*

Fady Eskandar

*Attorney for Plaintiff*

COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S APPLICATION TO ADJUST STATUS - 8

## LIST OF EXHIBITS

| Exhibit | Description |
| --- | --- |
| 1 | Receipt and Approval Notices for I-130 petition |
| 2 | Receipt and Biometrics Notices for I-485 application |
| 3 | USCIS Interview Results for I-485 application |
| 4 | USCIS Case Status Inquiries |